McDONALD *v* GREEN

Social Security and Public Welfare—Housing Act—Board of
Tenant Affairs—Qualifications.

> A board of tenant affairs may not add to the qualifications re-
> quired of tenant candidates for the board of tenant affairs
> where the legislation creating the board has established
> a list of qualifications (MCLA 125.700).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 December 7, 1971, at Detroit.
(Docket No. 10304.) Decided March 21, 1972.

Complaint by Leslie J. McDonald against Elinor
Green and others, members of the Detroit Board
of Tenant Affairs, and the Detroit Board of Ten-
ant Affairs for an order declaring invalid an elec-
tion of tenant members on the Board and an order
directing new elections with plaintiff's name on the
ballot. Judgment for plaintiff. Defendants appeal.
Affirmed.

*Harold L. White,* Wayne County Neighborhood
Legal Service Centers, Inc., for plaintiff.

*Lucile A. Watts,* for defendants.

Before: Lesinski, C. J., and Levin and O'Hara,[*]
JJ.

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

Reference for Points in Headnote
40 Am Jur 2d, Housing Laws and Urban Redevelopment § 11.

Levin, J. In 1968 the Legislature amended the housing and slum clearance act of 1933 to grant certain rights and advantages to tenants and potential tenants of public housing projects.[1] The amendment provides for the creation of a board of tenant affairs with powers, among others, to review and by a two-thirds affirmative vote to veto rules promulgated by the local municipal housing commission, and to hear and review as a board of review complaints by a tenant or applicant.

The 1968 amendatory act provides that one-half of the members of the board of tenant affairs shall be elected from among the tenants occupying local housing projects on a proportional basis. The remaining members of the board are to be appointed by the mayor or chief executive with the approval of the local legislative body.

Plaintiff, Leslie J. McDonald, a tenant in a Detroit housing project, filed a petition of candidacy with the Detroit Board of Tenant Affairs seeking the inclusion of his name on the ballot for the March 3, 1970 election. His petition was refused by the board's election committee on the ground that he was an employee of a contract agency of the Detroit Housing Commission and, therefore, was prohibited from serving under rule 4b of the bylaws of the board. The election was held without the inclusion of plaintiff's name on the ballot.

The defendants are Elinor Green, the chairman of the board of tenant affairs, Elizabeth Wesley, a member of the election committee of the board, and the other members of the board.

The judgment entered by the circuit judge declares the bylaw to be invalid and directs that a

---

[1] 1968 PA 344 adding to 1933 PA Ex Sess 18 §§ 44b and 49–55; MCLA 125.694b, 125.699–125.705; MSA 5.3054(2), 5.3056(3)–5.3056(9).

new election be held within a reasonable time in the Herman Gardens Project with plaintiff's name included on the ballot. We affirm.

The amendatory act provides that tenant members must be citizens of the United States, have attained the age of 21 years, have resided in this state six months, shall meet the requirements of local residence provided by local election laws, and shall be electors and qualified to vote. The amendatory act also provides that the term of a tenant member shall terminate when he is no longer a tenant of a public housing project.

On the same principle that bars the Legislature from adding additional qualifications for public office where qualifications are prescribed in the Constitution (see *Attorney General ex rel Cook* v *O'Neill,* 280 Mich 649, 656 [1937]; 42 Am Jur, Public Officers, § 38; compare *People ex rel Wexford County Prosecuting Attorney* v *Kearney,* 345 Mich 680, 686, 690 [1956]), a board of tenant affairs, the creature of the Legislature, may not add to the qualifications and disqualifications for membership on the board established by the Legislature.[2]

Affirmed. Costs to plaintiff.

All concurred.

---

[2] The purpose sought to be achieved by the adoption of the bylaw, namely, the elimination of persons who by reason of their employment might be subservient to the wishes of the city managers, may be entirely reasonable. We go no further than to decide the one issue before us on this record when we rule that it is beyond the power of the board of tenant affairs to adopt a bylaw adding to the legislatively-prescribed criteria of eligibility.